IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| MICHELE FERRARO,<br><br>       **Plaintiff,**<br><br>  **vs.**<br><br>**CORY ROBERT WALL, DEANNA DAWN RUNYAN-WALL, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, TYLER SEBRESSO, JULIE SEBRESSO, COMMUNITY TREATMENT ALTERNATIVES, THOMAS RUOTI, MICROSOFT, GIT-HUB, UTAH THIRD DISTRICT COURT ADMINISTRATION, JUDGE RANDALL SKANCHY, JUDGE JOHN NIELSEN, JUDGE CHARLES STORMONT, SALT LAKE LEGAL DEFENDERS, SEAN REYES, SIM GIL, SANDY CITY POLICE, FNU FRAMPTON, FNU NOWERS, UNIVERSITY OF UTAH, UNIVERSITY OF UTAH RESEARCH FOUNDATION, UNIVERSITY OF UTAH DEPARTMENT OF PSYCHIATRY ASSESSMENT AND RECOVERY SERVICES, UNIVERSITY OF PENNSYLVANIA, MOLINA INSURANCE, STATE FARM INSURANCE, ROBERT DEBRY, CAROL MARTIN, R. EDWARD J. FERRARO, DANIELLE VIZZA, JEFF LNU, BEN LNU, JEFF SHAFFER, SHEPHERDS FINANCE, JEFFERSON COUNTY, UNITED STATES HEALTH AND HUMAN SERVICES, UTAH MEDICAID, UTAH DEPARTMENT OF** | **MEMORANDUM DECISION & ORDER (1) DENYING PLAINTIFF'S MOTION FOR PANEL REVIEW; (2) DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY CONFERENCE; (3) PERMITTING PLAINTIFF TO FILE AN AMENDED COMPLAINT; and (4) TEMPORARILY GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**Case No.  2:26-cv-00377**<br><br>**Magistrate Judge Dustin B. Pead** |

1

|  |  |
|---|---|
| **TRANSPORTATION, STATE OF UTAH, HOLLY MCDERMOTT and JOEL JENSEN,** | |
| **Defendants.** | |

Before the court is Plaintiff Michele Ferraro's ("Ms. Ferraro" or "Plaintiff") pro se complaint.[1] As explained below, Ms. Ferraro's complaint fails to state a plausible claim for relief. Ms. Ferraro may file an amended complaint by **June 16, 2026**.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable

---

[1] ECF No. 1, Complaint.

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

[3] *Kay v. Bemis*, 500 F.3d 1213, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

2

inferences in the plaintiff's favor.[5] But the court need not accept the plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7] This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[8]

Because Ms. Ferraro proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[9] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[10] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[12] the

---

[5] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[9] *Hall,* 935 F.2d at 1110.

[10] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[11] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

## ANALYSIS

Ms. Ferraro's complaint consists of a five page document naming forty separate Defendants, and an attached thirty-eight page typed document entitled "Master Report".[14] Together, these filings provide a rambling and incoherent litany of grievances that fail to meet basic federal pleading standards.[15] As best the Court can discern, Plaintiff claims to have been excluded from her mother's estate and thereafter subject to a "continuous pattern" of "procedural defects" in court related proceedings taking place in both Utah and Pennsylvania.

Upon review, Ms. Ferraro's pleading fails to connect the forty named Defendants with any specific allegations or causes of action, or indicate how each Defendant violated Plaintiff's constitutional rights. Plaintiff neglects to set forth any facts that relate to her specific causes of action or from which the Court may glean her intended claims.[16] As a result, the pleading fails to provide Defendants with adequate notice and "places an unjustifiable burden [on Defendants] to determine the nature of the claims against [them] and to speculate on what [their] defenses might

---

[13] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[14] ECF No. 1; ECF No. 1-2.

[15] Fed. R. Civ. P. 8(d) ("Each allegation must be simple, concise, and direct."); Fed. R. Civ. P. 12(b)(6).

[16] *Patel v. Harris,* 2023 U.S. Dist. LEXIS 235214,*9 (D.S.C. Nov. 8, 2023) (citing *Campbell v. StoneMor Partners, LP,* 2018 U.S. Dist. LEXIS 119494, at *10 (E.D. Va. July 17, 2018), *affirmed* 752 F. App'x. 166 (4th Cir. 2019) ("Nor is the court required to 'scour through' a plaintiff's filings 'in an attempt to cobble together the facts on his or her behalf.")).

be."[17] Even when read with the "special solicitude"[18] afforded to pro se pleadings, Ms. Ferraro's complaint is unintelligible and lacks "an arguable basis either in fact or in law."[19] As a result, it is subject to dismissal.[20]

Nonetheless, the court cannot conclude that a legible amended complaint, set forth in compliance with the federal rules, would necessarily fail. Thus, given Ms. Ferraro's pro se status, the court extends Plaintiff the opportunity to file an Amended Complaint in accordance with the requirements of the Federal Rules of Civil Procedure no later than **June 16, 2026**. Once received, the Court will address whether Ms. Ferraro's Amended Complaint states a proper claim for relief. Failure to do so by the **June 16, 2026** date, may result in dismissal of Plaintiff's action.

As a reminder, any Amended Complaint **must**:

1.  Consist of a single document, entitled "Amended Complaint", that does not rely on or incorporate by reference the initial complaint or any other records or papers filed in this case.

---

[17] *Buxbaum v. Smith,* 2026 U.S. Dist. LEXIS 25303, at \*6 (S.D.N.Y Feb. 2, 2026) (citing *Barsella v. United States,* 135 F.R.D. 64, 66 (S.D.N.Y. Mar. 18, 1991) (internal quotation omitted) ("[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the Federal Rules of Civil Procedure] and must be dismissed.").

[18] *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 475 (2nd Cir. 2006).

[19] *Neitzke v. Williams,* 490 U.S. 317, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Scott v. Cohen,* 528 F. App'x 150, 151-53 (3d Cir. 2013) (affirming dismissal of "rambling, often incoherent" complaint that failed to state "plausible claim for relief").

[20] *Bell v. Bank of America,* 2013 U.S. Dist. LEXIS 177139, \*4 (D. Md. Dec. 11, 2013) (internal quotation marks and citation omitted) ("a district court is not obligated to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.").

This means that Ms. Ferraro must raise all factual allegations and claims that she seeks to bring related to the events underlying this lawsuit in a single document;

2.   Comply with Rule 8 of the Federal Rules of Civil Procedure by containing "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought";[21]

3.   Name each Defendant and affirmatively link each Defendant to a specific cause of action;

4.   Clearly state what each individual Defendant did to violate Plaintiff's rights and make clear "exactly *who* is alleged to have done *what* to *whom*";[22] and

5.   List each cause of action along with the specific factual allegations that support the basis for the claim against each Defendant.

Failure to file a timely Amended Complaint may result in dismissal of this action.

Additionally, Ms. Ferraro's motion for a panel of judges to review her case,[23] and motion for evidentiary conference with the presiding Judge and United States attorney[24] are DENIED. Both motions are without any recognizable legal support and therefore improper.

Ms. Ferraro's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[25]

---

[21] Fed. R. Civ. P. 8

[22] *Stone v. Albert,* 338  F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up).

[23] ECF No. 3, Plaintiff's Motion for Panel of Judges.

[24] ECF No. 4, Plaintiff's Motion for Evidentiary Conference.

[25] ECF No. 2; ECF No. 9.

**IT IS SO ORDERED**

DATED this 26th day of May, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court