IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHELLE FERRARO,<br><br>        Plaintiff,<br><br>v.<br><br>CORY ROBERT WALL, et al.,<br><br>        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:26-cv-00377-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is the Report and Recommendation issued by Magistrate Judge Dustin B. Pead on June 24, 2026.[1]  The Report recommends this action be dismissed without prejudice.[2]

On May 5, 2026, pro se Plaintiff Michelle Ferraro filed a Complaint alleging violations of 42 U.S.C. §§ 1983, 1985; Fraud on the Court; Denial of Access to Courts; Unlawful Search and Seizure; and Due Process violations.[3]  The Complaint is against Cory Robert Wall, Deanna Dawn Runyan-Wall, The Church of Jesus Christ of Latter-Day Saints, Tyler Sebresso, Julie Sebresso, Community Treatment Alternatives LLC, Thomas Ruoti, Microsoft, Git-Hub, Utah Third District Court Administration, Judge Randall Skanchy, Judge John Nielsen, Judge Charles Stormont, Salt Lake Legal Defenders, Sean Reyes, Sim Gill, Sandy City Police, FNU Frampton, FNU Nowers, University of Utah, University of Utah Research Foundation, University of Utah Department of Psychiatry Assessment and Recovery Services, University of Pennsylvania ITU Study Group 17, Molina Insurance, State Farm Insurance, Robert Debry, Carlo Martin a/k/a/ Vizza-Ferraro, R. Edward J. Ferraro, Danielle Vizza a/k/a Danielle Dixon-Maze, Jeff LNU, Ben

---

[1] Dkt. 17, *Report and Recommendation* (*Report*).

[2] *See id.*

[3] Dkt. 1, *Complaint* at 3.

1

LNU, Jeff Shaffer, Shepherds Finance LLC, Jefferson County, United States Health and Human Services, Utah Medicaid, Utah Department of Transportation, State of Utah, Holly McDermott and Joel Jensen (collectively "Defendants").[4]

On May 26, 2026, Magistrate Judge Justin B. Pead screened the complaint under 28 U.S.C. § 1915(e) and issued a Memorandum Decision finding the complaint "unintelligible" and lacking any "arguable basis in fact or law."[5]  The Decision permitted Ferraro to file an amended complaint by June 16, 2026 and explained failure to file the amended complaint "may result in dismissal."[6]  No amended complaint has been filed.[7]

On June 24, 2026, Judge Pead issued the Report recommending the action be dismissed without prejudice.[8]  The Report notified Ferraro of her right to file any objection to the Report within 14 days of being served with a copy of it.[9]  Judge Pead cautioned that "[f]ailure to object may be considered a waiver of objections upon subsequent review."[10]

Federal Rule of Civil Procedure 72 allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.[11]  When no objections are filed, the Supreme Court has

---

[4] *Id.* at 2.

[5] Dkt. 11, *Memorandum Decision & Order (1) Denying Plaintiff's Motion for Panel Review; (2) Denying Plaintiff's Motion for Evidentiary Conference; (3) Permitting Plaintiff to File an Amended Complaint; and (4) Temporarily Granting Plaintiff's Motion to Proceed in Forma Pauperis* at 5.

[6] *Id.* at 5–6.

[7] *See generally docket*.

[8] *Report*.

[9] *Id.* at 4.

[10] *Id.*

[11] Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

suggested no further review by the district court is required, but neither is it precluded.[12]  This court generally reviews unobjected to report and recommendations for clear error.[13]

The deadline for Ferraro to object passed on July 8, 2026, and no objection was filed.[14]  Accordingly, this court reviews the Report for clear error.  Having carefully considered the Report, the court determines Judge Pead's analysis and conclusions are sound.  The court finds no clear error and the Report and Recommendation is adopted in full.

## ORDER

The court ADOPTS in full the Report.[15]  This case is DISMISSED.  The Clerk of Court is directed to close the case.

SO ORDERED this 22nd day of July 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[12] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[13]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

[14] *See generally docket*.

[15] Dkt. 17.

3